J. PAT DILLON AND KATHY M. DILLON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dillon
Docket No. 17247-91
United States Tax Court
T.C. Memo 1993-11; 1993 Tax Ct. Memo LEXIS 12; 65 T.C.M. (CCH) 1729; January 11, 1993, Filed *12 Decision will be entered under Rule 155. J. Pat Dillon, pro se. For Respondent: Wesley F. McNamara. GOLDBERG
GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined deficiencies in petitioners' Federal income tax for tax years 1987 and 1988 in the amounts of $ 5,872 and $ 922, as well as additions to tax for negligence for 1987 in the amount of $ 293.60 and 50 percent of the interest on the portion of the underpayment attributable to negligence, and for 1988 in the amount of $ 46.10. [1]
Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated *13 by this reference. Petitioners resided in Aloha, Oregon, when they filed their petition. After concessions by petitioners, [2] the issues for decision are: (1) Whether the cost of goods sold expense claimed by petitioners on Schedule C attached to their 1987 income tax return should be reduced by $ 9,339; (2) whether commission expenses claimed by petitioners on Schedule C for 1987 should be reduced by $ 8,642; (3) whether petitioners are liable for self-employment tax on the earnings of petitioner Kathy M. Dillon for 1987; and (4) whether petitioners are liable for additions to tax for negligence or intentional disregard of rules or regulations for tax years 1987 and 1988. Petitioners agree that, if this Court sustains respondent's disallowance of Schedule C deductions, Mrs. Dillon will have self-employment income subject to self-employment tax. *14 J. Pat Dillon (hereinafter referred to as petitioner) and Kathy M. Dillon (Mrs. Dillon) were proprietors of a small arts and crafts shop, Country Craftworks, where they sold art supplies, and Mrs. Dillon taught classes for craftspeople. They also sold handcrafted objects on a consignment basis, charging a small monthly rent for displaying each item. Essentially, the shop was operated by Mrs. Dillon. In 1987, Mrs. Dillon had to leave for 4 months to care for her mother, and in her absence employees had to be hired, the business dwindled, and, eventually, it had to be closed. Petitioner and Mrs. Dillon sold some of their inventory and fixtures at distress sale prices. Petitioner kept the books for Country Craftworks on his home computer and prepared joint Federal income tax returns for the years in question. He has retained only three receipts for expenditures. He produced at trial a computer printout made in November 1991 of his business records. He kept these records on an almost daily basis, logging into the computer the amounts of expenditures and receipts and using the computer-generated records to prepare the Schedules C which he attached to the joint Federal tax returns *15 which he prepared for 1987 and 1988. The figures on the printout do not entirely agree with the figures on the tax returns because petitioner made minor changes in the records at a later date to reflect an additional small amount of income. However, there are errors in the program so that the calculation of cost of goods sold is clearly incorrect and other items such as depreciation are not properly taken into account. Respondent determined that for 1987 the deduction for cost of goods sold should be reduced by $ 9,339. We sustain respondent's determination on the ground that petitioner has failed to satisfy his burden of proof on this issue. We begin by emphasizing that taxpayers are required to keep sufficient records to enable respondent to determine their correct tax liability. Sec. 6001; . In the absence of adequate books and records, respondent may reconstruct the taxpayer's income through any reasonable method. , affd. without published opinion . Deductions *16 are a matter of legislative grace, and taxpayers bear the burden of establishing that they are entitled to any deductions claimed on their return. Rule 142(a); ; ; . Respondent's determination as to the deduction for cost of goods sold involved the assumption that a proper markup in a retail business of this type is 75 percent. Hence respondent determined that petitioners overstated their deduction for cost of goods sold by $ 9,339. Petitioner argues that we should accept his computer printout as evidence of his expenditures for inventory. This we are unable to do. Petitioner has substantiated only three of his inventory purchases, and furthermore, his method of calculating cost of goods sold is so fundamentally confused that the Court cannot make a reasonable redetermination. We sustain respondent's determination as to the adjustment for cost of goods sold. Respondent also disallowed petitioner's entire deduction of $ 8,642 for commissions. *17 Part of the business of Country Craftworks was selling the work of craftspeople, including Mrs. Dillon and her students. The craftspeople were charged a $ 10 fee for the display of their work and were paid a commission when an item was sold. The printout contains an itemized list of payments made to various craftspeople, including Mrs. Dillon, whose share of the commissions was $ 2,734.69. Petitioner conceded at trial that payments to Mrs. Dillon should not have been aggregated with other commissions and subtracted from the receipts of the business. We are persuaded that sale of handcrafted items on a commission basis did form a substantial part of the business, which respondent did not take into account in making her determination of petitioners' Schedule C income. With the exception of the inclusion of Mrs. Dillon's commissions, we find the tally of commissions to be accurate. We have found that the printout represents an essentially contemporaneous record of transactions in petitioner's business. We found its calculations of cost of goods sold to be unreliable because the computer program was misconceived and uninformed by even rudimentary understanding of accounting principles. *18 In the case of the commissions paid to craftspeople, we are able to calculate the correct figure by subtracting the $ 2,734.69 in commissions paid to Mrs. Dillon from the reported amount of $ 8,815.64 to yield the correct deduction of $ 6,080.95. Respondent determined that Mrs. Dillon was liable for self-employment tax on the earnings of Country Craftworks, and petitioner concedes that self-employment tax applies if the income of the business, as redetermined by this Court, is positive. After our redetermination of their Schedule C income, petitioners still have a net loss on Schedule C for tax year 1987. Consequently, self-employment tax does not apply. Respondent also determined that petitioners are liable for additions to tax for the 1987 year under section 6653(a)(1)(A) and (B) and for the 1988 year under section 6653(a)(1) for negligence or intentional disregard of rules or regulations. Negligence under section 6653 means lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. . Petitioner has the burden of proving that respondent's *19 determination of the additions to tax is erroneous. Rule 142(a); . We sustain respondent's determination on this issue. Petitioner assumed the responsibility of preparing a Schedule C for his wife's business but did so in an extremely careless manner and with little comprehension of basic accounting concepts. He also claimed inflated and undocumented automobile and moving expenses. His explanation that he had moved several times does not excuse the unavailability of his records. We find that under the circumstances petitioner has failed to apply due care to the preparation of his tax returns. Decision will be entered under Rule 155. Footnotes
1. The applicable sections providing for the additions to tax for negligence are sec. 6653(a)(1)(A) and (B) for 1987 and sec. 6653(a)(1) for 1988.↩
2. Petitioners concede that their claimed deductions for employee business expenses should be reduced by $ 13,205 for tax year 1987 and by $ 384 for tax year 1988, and that their claimed moving expense deduction for 1988 should be reduced by $ 5,747.↩